## Seth Thomas Clock Company *v.* Dobbins.

*Contract—Acceptance of offer—Reasonable time—Question for jury.*

Where a person gives an order by letter to a clock manufacturing company to alter two certain clock movements, and after waiting nineteen days for an acceptance of the order, rescinds the order, the question whether the nineteen days is a reasonable time is for the jury.

*Contract—Evidence—Excessive price—Question for jury.*

In an action to recover the cost of alteration of two clock movements, where it appears that the retail price for the movements was $2.50 a piece, and the defendant is charged $30.00 for making the alterations, the defendant should be permitted to testify as to the reasonableness of the charge, after he has qualified himself to speak, as one having special knowledge respecting the work ordered, and his testimony in connection with the other testimony should then be submitted to the jury to pass upon.

Argued Dec. 5, 1900. Appeal, No. 3, Oct. T., 1900, by defendant, from judgment of C. P. Schuylkill Co., May T., 1891, No. 441, on verdict for plaintiff in case of Seth Thomas Clock Company *v.* Edwin A. Dobbins. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before HENNING, J.

At the trial it appeared that on July 9, 1890, defendant wrote to the plaintiff as follows:

" Edwin A. Dobbins; wholesale grocer, American House Building, Pottsville, Pa., July 9th, 1890. See your letters of April 5th and 9th. Seth Thomas Clock Company. Gentlemen. I have been experimenting with your No. 8 and No. 10 duplex lever movements (I forget which is the catalogue number) and find the power ample and the lost motion surprisingly slight,

but as the arbor does not turn as the movement runs down, it is not available. In the hope of finding something that would answer my purpose for a few samples, I bought three of your "turn table" movements, but a trial shows that they are too weak and in other respects unsatisfactory. As I expect to require a number of suitable movements, I write to request you to alter the duplex lever movements first mentioned in the following respects, charging me the price per hour stated in your letter of April 9th last. If you will kindly comply as soon as convenient, I will much appreciate your aid and will be very glad to place an order later. I do not care about having the springs boxed. Alterations to be made : 1. Make both springs arbor turning. 2. Make both springs to wind from back of movement. That is to say, from opposite side as now made. Send me two movements. Respectfully yours, Edwin A. Dobbins."

After waiting nineteen days for a reply to the above letter, defendant rescinded the contract.

Plaintiffs claimed to recover $30.00, being for fifty hours' work at sixty cents per hour. Defendant was not permitted to testify as to the value of the work, although he qualified himself to speak as one having special knowledge respecting the work ordered. [2]

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $46.05. Defendant appealed.

*Errors assigned* were (1) in giving binding directions for plaintiff. (2) In ruling out defendant's testimony.

*MacHenry Wilhelm*, for appellant.—There was no contract existing between plaintiff and defendant : Carmichael v. Newell, Sturdevant & Co., 2 Phila. 289.

When one making an offer does not stipulate a time in which it is to be accepted, the rule is, that a reasonable time will be allowed for an acceptance.

*S. B. Edwards*, for appellee, cited : Cooper v. Altimus, 62 Pa. 486 ; Patton v. Hassinger, 69 Pa. 311 ; Dailey v. Green, 15 Pa. 118 ; King v. International Publishing Co., 3 Pa. Superior Ct. 329 ; Clements v. Bolster, 6 Pa. Superior Ct. 411.

OPINION BY William W. PORTER, J., February 14, 1901:

The learned judge directed a verdict for the plaintiff. In this he committed error. There were certainly two questions which should have been submitted to the jury. The first was whether the nineteen days during which the defendant waited to receive an answer to his order for the work, before giving notice of re-scission, was a reasonable time. If it was, his act of rescission barred the plaintiff's right of recovery, since the defendant's letter of July 9 was a request to do work, not a reply closing a proposition theretofore made by the plaintiff.

The second was, whether the charge of the plaintiff was excessive in the number of hours alleged to have been expended upon the work. The defendant qualified himself to speak as one having special knowledge respecting the work ordered. He should have been permitted to testify on this point. Having so testified, it was for the jury to say whether an excessive amount of time had been expended. The clock movements were purchasable in the retail market for $2.50 a piece. The charge of $30.00 for making some alterations in two of them, in connection with the plaintiff's testimony, raised a question of fact that the jury should have been permitted to pass upon.

The assignments of error are sustained, the judgment is reversed and a venire facias de novo is awarded.